[Cite as *State v. Hunter*, 2016-Ohio-444.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellant

v.

KOREY HUNTER

    Appellee

C.A. Nos.    15CA010730
               15CA010731

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE Nos.    13CR088328
               14CR089085

DECISION AND JOURNAL ENTRY

Dated: February 8, 2016

MOORE, Judge.

{¶1} Plaintiff, the State of Ohio, appeals from two judgments of the Lorain County Court of Common Pleas. We reverse and remand these matters for further proceedings.

I.

{¶2} This is a consolidated appeal from two unrelated cases that present the same issue of law. In the first case, the Lorain County Grand Jury indicted Korey Hunter on one count of operating a vehicle under the influence of alcohol and/or a drug of abuse ("OVI"), in violation of R.C. 4511.19(A)(1)(a), and one count of OVI in violation of R.C. 4511.19(A)(2), with repeat offender specifications pursuant to R.C. 2941.1413, attendant to both counts. In the second case, the Grand Jury indicted Vonda Hunter (no relation to Korey Hunter referenced above) on one count of OVI in violation of R.C. 4511.19(A)(1)(a), one count of OVI in violation of R.C. 4511.19(A)(2), with repeat offender specifications pursuant to R.C. 2941.1413 attendant to both

OVI counts, and one count of driving under suspension in violation of R.C. 4510.11(A). In both cases, the Hunters filed motions to dismiss the repeat offender specifications on the basis that the specifications were unconstitutional as violating their equal protection rights. Thereafter, the trial court granted the motions to dismiss the specifications, holding that the specifications violated the Hunters' equal protection rights.

{¶3} The State appealed from the dismissals of the specifications, and it now raises three identical assignments of error in each case. We have consolidated the assignments of error to facilitate our discussion.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN DISMISSING THE REPEAT OVI SPECIFICATIONS BECAUSE R.C. 2941.1413 DOES NOT VIOLATE THE EQUAL PROTECTION CLAUSE OF THE UNITED STATES CONSTITUTION OR THE OHIO CONSTITUTION.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN DISMISSING THE REPEAT OVI SPECIFICATION BECAUSE R.C. 2941.1413 DOES NOT VIOLATE THE EQUAL PROTECTION CLAUSE OF THE UNITED STATES OR OHIO CONSTITUTIONS AS HUNTER FAILED TO PROVE DISPARATE ENFORCEMENT.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN FINDING THAT HUNTER'S EQUAL PROTECTION RIGHTS WERE VIOLATED BY R.C. 2941.1413 BECAUSE THE SAME INFORMATION OR PROOF IS REQUIRED TO CONVICT HUNTER OF THE SPECIFICATION AND THE UNDERLYING OVI OFFENSE.

{¶4} In its three assignments of error in each of the appeals, the State maintains that the trial court erred in dismissing the repeat offender OVI specifications.

{¶5} In *State v. Arnold*, 9th Dist. Lorain No. 14CA010628, 2015-Ohio-2188, this Court addressed a case with the same procedural posture as the two present cases, in that the defendant had filed a pretrial motion to dismiss the repeat offender OVI specification. *Id.* at ¶ 3, 6. The trial court granted the defendant's motion on the basis that the repeat offender OVI specification violated the defendant's equal protection rights. *Id.* at ¶ 3. The State appealed, challenging the trial court's constitutional determination. *Id.* at ¶ 1, 3. This Court reversed, not based upon the constitutional issues presented, but because we concluded that the equal protection issue was not ripe at the time when the trial court dismissed the specification. *Id.* at ¶ 6. This was so because the defendant "moved for dismissal of the specification before he pleaded guilty to or was found guilty of the indicted offenses and before he was sentenced for them." *Id.* As we explained, "[i]f [the defendant were to be] acquitted at trial or the charges [were to be] otherwise dismissed, his equal protection argument [would be] moot." *Id.* Accordingly, we sustained the State's assignments of error to the extent that the assignments of error challenged the trial court's dismissals of the specifications because the dismissals were premature. *Id.* at ¶ 7. However, we expressed no opinion on the merits of the equal protection arguments addressed in the assignments of error. *Id.*

{¶6} This case presents the same issues as set forth in *Arnold* insofar as the trial court granted the Hunters' respective pretrial motions to dismiss their repeat offender OVI specifications on equal protection grounds. We see no reason to depart from our precedent in *Arnold*, and, therefore, we conclude that the trial court erred to the extent that it dismissed the specifications prematurely, and we sustain the State's assignments of error solely on this basis. We again express no opinion on the merits of the equal protection arguments.

III.

{¶7}    Because the Hunters' equal protection arguments were not ripe, the trial court erred in granting their motions to dismiss.  The judgments of the trial court are reversed, and these matters are remanded for further proceedings.

Judgments reversed,
and causes remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

CARLA MOORE
FOR THE COURT

WHITMORE, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

DENNIS P. WILL, Prosecuting Attorney, and MARY R. SLANCZKA, Assistant Prosecuting Attorney, for Appellant.

MICHAEL DUFF, Attorney at Law, for Appellee.